

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# USA v. Henderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2671

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Henderson" (2008). *2008 Decisions.* Paper 653.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/653

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2671

_____

UNITED STATES OF AMERICA

v.

VALENTINO HENDERSON
a/k/a VAN HENDERSON

Valentino Henderson,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 06-cr-00234)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 30, 2008

Before: RENDELL, SMITH, and FISHER, <u>Circuit Judges</u>.

Filed: August 14, 2008

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Valentino Henderson appeals from his conviction for conspiracy to distribute and possess with intent to distribute 2 kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). For the reasons that follow, we will affirm.

Henderson was indicted after a package sent to him from California was intercepted and found to contain a purple stuffed dinosaur with two 1-kilogram bricks of cocaine sewn into it. According to police testimony, after being arrested and advised of his rights, Henderson admitted that an associate of a man named Larry Wright had sent him the package. He told the police that he was to keep one-half kilogram of the cocaine, while Wright was to have the remainder. He also stated that the package was scheduled to have been delivered the previous day and he had tried to track the package several times. He admitted that he had previously received a stuffed bear containing 9 ounces of cocaine and that cellular telephones seized by the police belonged to him.

At trial, Henderson denied that he had made these statements to the police and claimed that the cell phone, which reflected numerous calls to Larry Wright, belonged to Henderson's cousin. As the trial progressed, Henderson's counsel argued that Henderson had been "set up" by a confidential informant who had prompted the investigation by

2

giving the police information regarding Henderson.[1] The informant apparently told police of repeated deliveries of packages containing cocaine to both Henderson and his brother. The jury convicted Henderson.

On appeal, Henderson raises two principal arguments: first, that portions of the testimony of two witnesses at trial should not have been admitted; and second, that his counsel's performance was constitutionally deficient and that this denied him his right to the effective assistance of counsel.

We have little difficulty disposing of the second argument. We do not generally entertain ineffective assistance of counsel claims on direct appeal, because the record is not sufficiently developed to allow the court to determine ineffectiveness in the absence of an evidentiary hearing. *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004).[2] This is especially true where the challenged action might be considered sound trial strategy. *Strickland v. Washington,* 466 U.S. 668, 689 (1989). As we note in our discussion below of the evidentiary issues that Henderson raises, this case appears to be one in which the strategic considerations are indeed implicated. Accordingly, the proper

---

[1] There was additional evidence of Henderson's guilt in that upon searching his home, the police found two digital scales with cocaine residue, UPS shipping envelopes, express mail labels, and an empty bottle of the cocaine-cutting agent inositol.

[2] In response to Henderson's argument that counsel was ineffective, the government attempts to introduce post-trial, extra-record discussions between government counsel and defendant's trial counsel, Korey Leslie. This represents a violation of Federal Rule of Appellate Procedure 10(a); those portions of the government's brief will, therefore, be stricken.

procedure for consideration of this claim would be to file a habeas corpus petition pursuant to 28 U.S.C. § 2255, rather than a direct appeal to this Court.

With respect to Henderson's other argument, namely, that the District Court erred by admitting improper testimony, we note that Henderson made no objection at trial to the testimony of these witnesses; thus, he must convince us that permitting the witnesses to testify amounted to plain error. *United States v. Rivas*, 493 F.3d 131, 136 (3d Cir. 2007). This he cannot do.

The first testimony that Henderson finds objectionable was that of the government's expert, who testified, Henderson contends, regarding his "intent." He argues that this testimony violated Rule 704(b) of the Federal Rules of Evidence.[3] The difficulty with Henderson's objection is that the expert was not testifying as to Henderson's "intent." Rather, he was responding to the prosecutor's question as to whether a particular user would purchase 2 kilograms of cocaine for personal consumption, rather than for distribution.

As we have noted, this type of testimony in which the expert witness calls upon his or her experience as it relates to the modus operandi of individuals involved in drug trafficking does not violate the Federal Rules of Evidence and, specifically, Rule 704(b).

---

[3] Rule 704(b) provides "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

*United States v. Watson,* 260 F.3d 301, 307-08 (3d Cir. 2001). We do not consider admission of this evidence to be error, and it surely was not plain error for the District Court to permit the jury to hear this testimony.

Henderson also objects to the District Court's having allowed Trooper Cotroneo to testify regarding the substance of the confidential informant's tip. Again, there was no objection lodged by counsel. In fact, as noted above, the defense strategy appears to have been that Henderson was set up by the confidential informant. On cross-examination of Cotroneo, Henderson's counsel actually elicited the information to which Henderson now objects, namely, that the informant told Cotroneo that Henderson and his brother, Alonzo Henderson, were receiving 1-2 kilos of cocaine in the mail every one to two weeks. The thrust of the defense was that this was a lie because Henderson had been under surveillance for nine months after the informant's tip, but there had been no activity to support what the confidential informant said until, suddenly, the package containing the 2 kilograms of cocaine arrived in May. This, Henderson alleged, was proof that he was set up.

Had the District Court stricken the trooper's statement as hearsay – as Henderson now urges – it would have gutted the defense's theory of Henderson's innocence, *i.e.*, that the confidential informant was lying and, to prove that he was not lying, had cocaine delivered to Henderson nine months after his initial tip. Counsel not only failed to object, but also elicited the hearsay from the trooper. Surely this was a tactical decision. This is

5

not plain error and, in fact, could constitute a waiver of the claim altogether for purposes of appellate review. *See Gov't of the Virgin Islands v. Rosa,* 399 F.3d 283, 290-91 (3d Cir. 2005).

Accordingly, we will not disturb Henderson's conviction, and we will AFFIRM the Judgment and Commitment Order of District Court.